HAMILTON, Senior Circuit Judge,
concurring in part and concurring in the judgment:
I concur in the court’s opinion except Footnote 8.1 write separately to make two observations. First, the court’s opinion in this fact-intensive case is limited to a situation in which a defendant (here, Bell) obtained drugs and then entered into an agreement with codefendants (here, Gibson and others) to possess with the intent to distribute a portion of those drugs. For obvious reasons, the reasonably foreseeable quantities within the scope of the criminal activity the defendant and the downstream codefendants agreed to undertake do not involve the amount the defendant withheld for personal consumption. Second, I read nothing in the court’s opinion that says a defendant is relieved of her obligation to produce some evidence concerning her personal consumption once the government establishes, by a preponderance of the evidence, that an otherwise valid prescription was part of the conduct of the conspiracy, with the government shouldering the ultimate burden of proof on the question of drug quantity. See, e.g., United States v. Asch, 207 F.3d 1238, 1246 (10th Cir.2000) (“Although the defendant bears the burden of producing evidence of her intent to consume, we emphasize that the ultimate burden of proof on the quantity of drugs involved in the offense remains with the government at all times.”).
I am authorized to state that Judge Floyd joins in this opinion.